## (September 11, 1969)

In the Matter of A. JOSEPH RIBUSTELLO, Respondent, *v.* DOMINICK A. FUSCO et al., Appellants. In the Matter of A. JOSEPH RIBUSTELLO, Respondent, *v.* PAUL SPITALERI et al., as Alleged Members of Executive Committee and Associate Executive Committee of the Republican County Committee of Bronx County, Appellants.— Order and judgment (one paper) entered on August 22, 1969, affirmed, without costs or disbursements on opinion of Special Term. Concur— Stevens, P. J., Markewich and Nunez, JJ.; Eager and Macken, JJ., dissent in part in the following memorandum by Eager, J. Eager, J. (dissenting): I would modify the order and judgment appealed from to delete the third ordering paragraph and otherwise affirm. I conclude that, insofar as this proceeding (a consolidated proceeding) seeks a new primary election to elect committeemen in the 131 districts, it must be considered as a " proceeding under this subdivision [Election Law, § 330, subd. 2] relating to a primary election " and not " any other proceeding under this subdivision "; and, therefore, " must be instituted within ten days of such primary election ". June 17, 1969 was established by law as the day for the holding of the primary election in 1969, and it was then held. Therefore, this proceeding, insofar as it seeks a new primary election, is barred. In reality, the proceeding represents solely a controversy between two factions within a county committee concerning the organization of the committee, and it is significant that there is apparently no general claim by particular qualified voters that they have been disinfranchised and, in any event, no such voter or an aggrieved candidate brought the proceeding within the 10-day period following the primary election. It is alleged that, after the June 17 primary election, the Board of Elections had certified as vacant the over 300 positions for county committeeman existing in the 131 districts and. it was originally contemplated that the vacancies would be filled at the meeting. On this basis, neither the petitioner nor anyone objected to the calling of and the organization of the county committee meeting for July 2, 1969. The meeting was convened on said date under the assumption that the vacancies would be filled at the meeting, and it was conceded on the argument that no one claimed there that a new primary election should be held. The proceedings (later consolidated) were finally instituted on July 10, 1969 and on July 12, 1969 after the frustration of the purposes of the meeting and the adjournment thereof. Under the circumstances, this merely presents a case where vacancies in the committee arose because of a failure to elect certain members at the primary election and, therefore, by provision of statute the vacancies are. to be filled by the remaining duly qualified members of the committee. (Election Law, § 17, subd. 1.) There is no justification for the ordering of a new primary election.